```
1  McGREGOR W. SCOTT
   United States Attorney
2  KRISTIN S. DOOR, SBN 84307
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2723

5  Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-cv-2173 LKK-DAD |
| Plaintiff, | **JOINT STATUS REPORT AND STIPULATION FOR STAY AND ORDER THEREON** |
| v. | |
| APPROXIMATELY $18,964.81 IN U.S. CURRENCY SEIZED FROM WASHINGTON MUTUAL BANK ACCOUNT 387-435366-3, | DATE: December 8, 2008<br>TIME: 3:30 p.m.<br>COURTROOM: 4 |
| APPROXIMATELY $38,222.37 IN U.S. CURRENCY SEIZED FROM WACHOVIA BANK ACCOUNT 1007139898952, | |
| APPROXIMATELY $450,100.00 IN U.S. CURRENCY SEIZED FROM WASHINGTON MUTUAL BANK SAFE DEPOSIT BOX 538, AND | |
| APPROXIMATELY $105,000.00 IN U.S. CURRENCY SEIZED FROM WACHOVIA BANK SAFE DEPOSIT BOX 674, | |
| Defendants. | |

Plaintiff United States of America and claimant Miguel Vasquez submit the following Joint Status (Pretrial Scheduling) Report pursuant to the Court's September 16, 2008, order.

(a) **Parties**:  The U.S. Attorney's Office, through the

1

undersigned counsel, represents the plaintiff United States of America.  Bruce Locke represents claimant Miguel Vasquez.

(b) **Summary of Facts and Legal Theories**:

The United States alleges the defendant property is the proceeds of claimant Miguel Vasquez' trafficking in methamphetamine and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).  The United States also alleges that the property is forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) because the funds were involved in financial transactions designed to conceal or disguise the nature, location, source, or ownership of the funds.  Claimant denies these allegations.

(c) **Service of Process**:

All known potential claimants have been served with the Complaint for Forfeiture In Rem, Notice of Complaint, Application and Order for Publication, and Court Notices.  Accordingly, service is complete.  Miguel Vasquez filed a claim to the property and an Answer to the Complaint for Forfeiture In Rem.

In addition, notice of the forfeiture was published for 30 consecutive days on the official government internet site (www.forfeiture.gov) commencing on September 26, 2008, in accordance with the court's September 17, 2008, Order for Publication.  Proof of Publication has been filed with the Court.

(d) **Possible Joinder of Additional Parties**:

None anticipated but a potential claimant who received notice of this forfeiture on the government web site has 30 days from the last publication date to file a claim.  Accordingly, it is possible

2

that another person may file a claim.  Any such claim must be filed no later than November 24, 2008, but the parties do not think that is likely to happen

    (e)  **Any Expected or Desired Amendment of Pleadings**:

None.

    (f)  **Jurisdiction and Venue**:

The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345, 1355, and 21 U.S.C. § 881.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b), 1395(b) and 21 U.S.C. § 881(j).

    (g)  **Anticipated Motions with Suggested Law and Motion Dates**:

The government requests that this case not be scheduled at this time because it is requesting a stay of further proceedings for six months as explained in the following paragraph.

    (h)  **Anticipated Discovery And The Scheduling Thereof**:

Pursuant to 18 U.S.C. §§ 981(g)(1) and (g)(2) and 21 U.S.C. § 881(i) the parties suggest that a stay of further proceedings in this case is necessary.  The United States contends that the defendant property is the proceeds of methamphetamine trafficking and is therefore forfeitable to the United States.  The United States intends to depose the claimant about the claim he filed in this case; his involvement in drug trafficking; and the source of the currency that was seized.  If discovery proceeds, claimant would be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to protect his alleged interest in the defendant property,

3

or waiving his Fifth Amendment rights and submitting to depositions and potentially incriminating himself in the pending criminal matter. If claimant invokes his Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claim he filed in this action and the defenses raised in his Answer.

In addition, claimant will attempt to depose law enforcement officers who were involved in the drug trafficking investigation that resulted in the seizure of the defendant property. Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal prosecution of claimant Vasquez.

Accordingly, the parties agree that proceeding with this action at this time has potential adverse affects on the prosecution of the related criminal case and/or upon claimant's ability to prove his claim to the property and to contest the government's allegations that the property is forfeitable. For these reasons, the parties request that this matter be stayed for a period of six months. At that time the parties will advise the Court whether a further stay is necessary.

(i) **Further Proceedings, Suggested Case Schedule**:
     The parties request that the case not be scheduled at this time.

(j) **Special Proceedings**:
    None.

(k) **Demand For Jury Trial**:
    Claimant made a timely demand for a jury trial.

4

     (l)  **Estimate of Trial Time**:

Approximately 2 weeks.

     (m)  **Modification of Standard Pretrial Procedures**:

None.

     (n)  **Related Matters**:

This case is related to U.S. v. Miguel Vasquez, et al., 2:08-cr-2173 LKK-DAD and seven other civil forfeiture cases. A Notice of Related Cases listing all related cases was filed on November 10, 2008.

     (o)  **Settlement Judge**:

The parties request that another judge be assigned as the settlement judge.

     (p)  **Use of the Voluntary Dispute Resolution Program**:

Plaintiff does not believe VDRP is appropriate in this case.

//
//

    (q)  **Other matters**:

None known at this time.

DATED: November 24, 2008      McGREGOR W. SCOTT
                                          United States Attorney

                                   By:  /s/ Kristin S. Door
                                       KRISTIN S. DOOR
                                       Assistant U.S. Attorney

DATED: November 25, 2008      /s/ Bruce Locke
                                          BRUCE LOCKE
                                          Attorney for claimant
                                          Miguel Vasquez

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) for six months.  On or before May 22, 2009, the parties will advise the Court whether a further stay is necessary.

The scheduling conference scheduled for December 8, 2008, is vacated.

IT IS SO ORDERED.

Dated: December 1, 2008.

                                        LAWRENCE K. KARLTON
                                        SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT